UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| KARL NATHANIEL CHRISTIAN (Deceased) | ) | CASE NO.: 08-00435-8-RDD |
| SS#: xxx-xx-3857 | ) | |
| BARBARA ANN CHRISTIAN | ) | |
| SS#: xxx-xx-0219 | ) | |
| Mailing Address: | ) | |
|     1560 Rossmore Drive | ) | |
|     Fayetteville, NC 28314 | ) | |
| | ) | |
| Debtors. | ) | CHAPTER 13 |
| | ) | |
| BARBARA ANN CHRISTIAN, | ) | |
| | ) | |
| Plainitff, | ) | |
| | ) | |
| vs. | ) | AP No.:_____ |
| | ) | |
| ECAST SETTLEMENT CORPORATION and | ) | |
| HSBC BANK NEVADA, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, complaining of the defendants, says:

**Introduction**

1. This action is brought by plaintiff to have this Court declare the lien claimed by defendant eCast Settlement Corporation (hereinafter "eCast") on a certain 2006 Suzuki C50K6 Boulevard motorcycle declared void, and to require defendant(s) to release such lien and return the title such motorcycle to plaintiff.

2. This is also an action by plaintiff seeking recovery of actual and/or punitive damages, including statutory damages and attorney's fees, for unfair and deceptive acts or practices by defendant(s) in violation of Chapter 75 of the North Carolina General Statutes.

## Jurisdiction

3. This is a core proceeding as that term is defined by 28 U.S.C. § 157(b)(2), in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code, and other applicable federal law. To the extent the Court may find this to be a non-core proceeding, the plaintiffs consent to the entry of a final order in this matter by the Bankruptcy Court, in accordance with 28 U.S.C. § 157(c)(2).

4. This Court has jurisdiction to enter a final and dispositive order in this matter under the decision in <u>Budget Service Co. v. Better Homes of Virginia</u>, 803 F.2d 289 (4th Cir. 1986).

5. This Court has both personal and subject matter jurisdiction to hear matters herein raised pursuant to 28 U.S.C. §§ 157 and 1334, and pursuant to the Order entered by the Judges of the United States District Court for the Eastern District of North Carolina on August 3, 1984 (Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

6. This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

## Venue

7. Venue lies in the Eastern District of North Carolina in that the plaintiff is a citizen and resident of Fayetteville, in Cumberland County, North Carolina.

## Parties

8. The plaintiff is a debtor in the above-captioned bankruptcy case, filed under Chapter 13 of the United States Bankruptcy Code on January 23, 2008. The co-debtor in such case was the plaintiff's spouse, and is now deceased. Plaintiff has standing to pursue this claim both as a co-debtor in the underlying bankruptcy case, and as the Executrix of her late husband's estate.

9. eCast is the assignee and present owner of a claim against the debtors which was originally held by defendant HSBC Bank Nevada, N.A. (hereinafter "HOBN"). According to the Proof of Claim filed by eCast in this case, notices are to be sent to Bass & Associates, P.C. at 3936 E. Ft. Lowell Suite 200, Tucson, AZ 85712. eCast itself has a mailing address of P. O. Box 7247-6971, Philadelphia, PA 19170-6971. According to the office of the North Carolina Secretary of State, the registered agent of eCast in the state of North Carolina is CT Corporation System, which has a mailing address of 150 Fayetteville Street, Box 1011, Raliegh, NC 27601. Further, according to the office of the North Carolina Secretary of State, the principal office address for eCast is 383 Madison Avenue, 10th Floor, New York, NY 27601.

10. Upon information and belief, defendant HOBN is a credit card issuing and processing facility. According to the attachments to its Proof of Claim, HOBN has a principal mailing address of 1111 North Town Center Drive, Las Vegas, NV 89144.

11. Upon information and belief, HOBN is a wholly owned subsidiary of HSBC North American Holdings, Inc. (hereinafter "HNAH"), a bank holding company headquartered in Mettawa, Illiniois.

12. Upon information and belief, the Chief Executive Officer of HNAH is Brendan McDonagh, who has a mailing address of 26525 N. Riverwoods Boulevard, Mettawa, IL 60045.

13. Upon information and belief, neither HOBN nor HNAH is an insured depository institution.

## Relevant Facts

14. On or about May 31, 2006, Karl M. Christian (hereinafter "Christian") purchased a 2006 Suzuki C50K6 Boulevard motorcycle (hereinafter "motorcycle") from an independent dealer (Meridian Motorcycles) in Fayetteville, North Carolina.

15. The total purchase price for such motorcycle, including tax, tags and other fees associated with the purchase of such motorcycle totaled $7,202.00.

16. Christian financed the purchase of said motorcycle by obtaining an extension of credit through defendant HOBN, arranged through such dealer.

17. Such extension of credit was a revolving credit account with a standard interest rate of 17.9 % per annum, and with a default interest rate of 21.9 % per annum.

18. According to a monthly billing statement sent by HOBN to Christian prior to filing, as of the date of the filing of the Petition by the plaintiff and Christian, the interest rate being charged on the account by defendant HOBN was 21.9 % per annum.

19. As part of the purchase transaction, Christian granted HOBN a purchase money security interest in the motorcycle.

20. Upon information and belief, HOBN retained or obtained the Certificate of Title issued for such motorcycle, and caused a lien to be recorded on such Certificate of Title perfecting such security interest in favor of HOBN.

21. Upon information and belief, HOBN regularly extends revolving credit to consumers seeking to purchase motorcycles at rates that exceed 15 % per annum.

22. Upon information and belief, HOBN's regular extensions of credit occurs in North Carolina and affects commerce within this State.

23. On January 23, 2008, Christian and plaintiff filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code, and Trawick H. Stubbs, Jr. is the duly appointed and acting Chapter 13 Trustee.

### First Claim for Relief

24. The allegations contained in paragraphs 1 through 23, above, are hereby reincorporated herein by reference.

25. Defendant HOBN claimed a security interest in the motorcycle through the use of a revolving credit account in which the interest rate exceeds 15 % per annum.

26. N.C. Gen. Stat. § 24-11(c) prohibits the taking of a security interest to secure an extension of credit through the use of a revolving credit account in which the interest rate exceed 1.25 % per month (15 % per annum).

27. HOBN has attempted to retain and perfect a security interest in Christian's motorcycle in violation of such statute.

### Second Claim for Relief

28. The allegations contained in paragraphs 1 through 27, above, are hereby reincorporated herein by reference.

29. The practice of retaining a security interest and noting a lien on the certificate of title when clearly prohibited under applicable law is an unfair and deceptive act in violation of N.C. Gen. Stat. § 75-1.1.

30. Such unfair an deceptive acts or practices affect commerce within the state of North Carolina within the meaning of N.C. Gen. Stat. § 75-1.1.

31. Pursuant to N.C. Gen. Stat. § 75-16, should the plaintiff prove that she has been damaged by the unfair and deceptive acts of the defendant(s), she is entitled to recovery treble damages from the defendant(s).

32. Pursuant to N.C. Gen. Stat. § 75-16.1, should plaintiff prevail in this matter, the court may order defendant(s) to pay her reasonable attorney's fee.

WHEREFORE, the plaintiff having set forth her claims against the defendants, respectfully pray the Court as follows:

A. That the lien of HBON be declared void;

B. That HBON and/or eCast be ordered to release its lien on the motorcycle;

C. That HBON's practice of retaining a security interest when prohibited from doing so under applicable law be declared an unfair and deceptive act or practice;

D. That the plaintiff have and recover from HBON treble the amount of any damages she may have suffered as a consequence of the unfair and deceptive acts and/or practices of defendant(s);

E. That HBON be ordered to pay plaintiff's reasonable attorney's fee for the prosecution of this matter; and

F. For such other and further relief as this Court deems just and proper.

This the 20th day of January, 2009.

**Orcutt, Bledsoe and Boltz, LLP by**

s./ Joseph A. Bledsoe, III
Joseph A. Bledsoe, III
Attorney at Law
6616-203 Six Forks Road
Raleigh, NC 27615
(919) 847-9750
NC State Bar No.: 19817