UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:

KARL NATHANIEL CHRISTIAN
(deceased), SSN: xxx-xx-3857
BARBARA ANN CHRISTIAN
SSN: xxx-xx-0219

CHAPTER 13
CASE NUMBER: 08-00435-8-RDD

Debtors.

BARBARA ANN CHRISTIAN,

Plaintiff,

v.

ECAST SETTLEMENT CORPORATION
and HSBC BANK NEVADA, N.A.,

Defendants.

ADVERSARY PROCEEDING
CASE NUMBER: 09-00019-RDD

**MOTION TO DISMISS COMPLAINT**

NOW COME Defendants, eCast Settlement Corporation and HSBC Bank Nevada, N.A. pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and move the Court to dismiss this action for failure to state a claim upon which relief may be granted on the grounds that the claims alleged arise under laws of the State of North Carolina, which laws are pre-empted by Federal Law since HSBC Bank Nevada, N.A. is a national banking association chartered by the Comptroller of the Currency, United States Treasury, pursuant to 12 U.S.C. § 21 *et seq*. Further, Defendants move to dismiss this action based on Rules 12(b)(2) and 12(b)(5) of the Federal Rules of civil procedure for lack of personal jurisdiction and insufficiency of service of process.

## ANSWER TO COMPLAINT

1. Paragraph 1 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 1 is denied.

2. Paragraph 2 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 2 is denied.

3. Paragraph 3 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, it is admitted that this Court has jurisdiction over the subject matter of the dispute. Except as admitted herein, Paragraph 3 is denied.

4. Paragraph 4 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, Paragraph 4 is denied.

5. Paragraph 5 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, it is admitted that this Court has jurisdiction over the subject matter of the dispute. Except as admitted herein, Paragraph 5 is denied.

6. Paragraph 6 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, it is admitted that this Court has jurisdiction over the subject matter of the dispute. Except as admitted herein, Paragraph 6 is denied.

7. Paragraph 7 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, it is admitted upon information and belief that the Plaintiff is a resident of Fayetteville, North Carolina. Except as admitted herein, Paragraph 7 is denied.

8.  It is admitted, upon information and belief, that the Plaintiff is a debtor in a bankruptcy proceeding. Except as admitted herein, Defendants are without sufficient information regarding the allegations of Paragraph 8 of the Complaint and therefore deny same.

9.  Paragraph 9 of the Complaint is admitted.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Paragraph 12 is admitted.

13. Paragraph 13 is denied.

14. Defendants are without sufficient information regarding the allegations of Paragraph 14 of the Complaint and therefore deny same.

15. Defendants are without sufficient information regarding the allegations of Paragraph 15 of the Complaint and therefore deny same.

16. Defendants are without sufficient information regarding the allegations of Paragraph 16 of the Complaint and therefore deny same.

17. Defendants admit that the terms and conditions that apply to any credit account issued by Defendant HSBC Bank Nevada, N.A. are in writing and are themselves the best evidence of their contents. Except as admitted, Paragraph 17 is denied.

18. Defendants are without sufficient information regarding the allegations of Paragraph 18 of the Complaint and therefore deny same.

19. Defendants admit that the terms and conditions that apply to any credit account issued by Defendant HSBC Bank Nevada, N.A. are in writing and are themselves the best evidence of their contents. Except as admitted, Paragraph 19 is denied.

20. Paragraph 20 is admitted.

~ Doc# 48286.1 - 23282/01606 ~

21. Paragraph 21 is denied.

22. Paragraph 22 is admitted.

23. Paragraph 23 is admitted upon information and belief.

24. Defendants incorporate by reference all foregoing paragraphs as if set forth fully herein.

25. Paragraph 25 is denied.

26. Paragraph 26 of the Complaint appears to be a conclusion of law to which no response is required. To the extent a response is required, it is admitted that N.C. Gen. Stat. § 24-11 does not regulate extensions of credit made by HSBC Bank Nevada, N.A., which is a national banking association chartered by the Comptroller of the Currency, United States Treasury, pursuant to 12 U.S.C. § 21 *et seq.* Except as admitted herein, Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. Defendants incorporate by reference all foregoing paragraphs as if set forth fully herein.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

## AFFIRMATIVE DEFENSES

FOR A FIRST FURTHER ANSWER AND DEFENSE, Defendants allege and say that the Plaintiff's complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

FOR A SECOND FURTHER ANSWER AND DEFENSE, Defendants allege and say that they specifically deny that either of them or any of their officers, directors or employees was guilty of any wrongful acts or omissions which proximately caused or contributed to the damages or other losses alleged and incurred, if any, by Plaintiff.

FOR A THIRD FURTHER ANSWER AND DEFENSE, Defendants allege and say to the extent that Defendants are otherwise liable for any of the claims alleged in the complaint, which liability is denied, any acts or omissions of Defendants of which Plaintiff complains were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, the existence of which error is denied.

FOR A FOURTH FURTHER ANSWER AND DEFENSE, Defendants allege and say to the extent that Plaintiff is found to have failed to mitigate her damages, the existence of which is denied, then Plaintiff's claims are barred.

FOR A FIFTH FURTHER ANSWER AND DEFENSE, Defendants allege and say at all pertinent times, Defendants acted in good faith and without malice or intent to injure Plaintiff.

FOR A SIXTH FURTHER ANSWER AND DEFENSE, Defendants allege and say that they should be permitted to recover their costs and attorneys fees pursuant to N.C. Gen. Stat. § 75-16.1 on the grounds that Plaintiff knew or should have known that the claim alleged in the Complaint under N.C. Gen. Stat. § 75-1.1 was frivolous and/or malicious.

Defendants reserve the right to allege other affirmative defenses based on discovery in this matter.

WHEREFORE, Defendants eCast Settlement Corporation and HSBC Bank Nevada, N.A. pray the Court as follows:

1. That the Plaintiff have and recover nothing of Defendants and that the Complaint be dismissed with prejudice;
2. That the costs of this action be taxed against the Plaintiffs including the costs and attorneys fees of Defendants pursuant to N.C. Gen. Stat. § 75-16.1;
3. For a trial by jury; and
4. For such other and further relief as the Court may deem just and proper.

5

~Doc# 48286.1 - 23282/01606~

This the 19th day of February, 2009.

        NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

        By: /s/ Donald R. Pocock
        Donald R. Pocock (N.C. Bar No. 29393)
        Email: donald.pocock@nelsonmullins.com
        380 Knollwood Street, Suite 530
        Winston-Salem, NC  27103
        Phone: 336.774.3333
        Fax: 336.774.3299
        ***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such to the following:

>Joseph A. Bledsoe, III
>jbledsoe@johnorcutt.com
>*Attorney for Plaintiffs*

And I hereby certify that I have mailed the foregoing to the following non CM/ECF participants:

>Trawick H. Stubbs
>Post Office Box 1618
>New Bern, NC 28563-1618
>*Chapter 13 Trustee*
>
>Marjorie K. Lynch
>Post Office Box 3758
>Wilson, NC 27895-3758
>*Bankruptcy Administrator*

>NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.
>
>By: /s/ Donald R. Pocock
>Donald R. Pocock (N.C. Bar No. 29393)
>Email: donald.pocock@nelsonmullins.com
>380 Knollwood Street, Suite 530
>Winston-Salem, NC 27103
>Phone: 336.774.3333
>Fax: 336.774.3299
>*Attorneys for Defendant "Defendants Finance Corporation/Defendants"*